UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON HERNANDEZ FERNANDEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-07107-DAD-CSK<br><br><u>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS;* GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION; AND DENYING PETITIONER'S MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR A TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. Nos. 1, 2, 3, 4, 10) |

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") requesting his release (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) Previously, petitioner, acting through counsel, had filed a habeas petition which the court granted in part by ordering that petitioner be provided a bond hearing within 14 days. *See Fernandez v. Warden of the Cal. City Corr. Ctr.*, No. 1:26-cv-03812-EJD, 2026 WL 2124164, at *2-3 (E.D. Cal. July 23, 2026). Petitioner received the ordered bond hearing before an immigration judge ("IJ") on August 3, 2026, at which petitioner was denied bond because the IJ found that the government had shown by clear and convincing

evidence that petitioner would pose a danger to the community if released. *See* 1:26-cv-03812-EJD, Doc. No. 13-1. Petitioner, now proceeding *pro se* in that previously filed action, has filed the pending motion to enforce judgment and to appoint counsel (*Id.* Doc. No. 14), which respondent has opposed. (*Id.* Doc. No. 18.) In this new case before the undersigned, respondent has moved to dismiss the pending habeas petition as duplicative of case in No. 1:26-cv-03812-EJD.

The facts of this case are these. Petitioner is a citizen of Cuba. (Doc. No. 1 at 4.) He entered the United States in March 2000 through Miami's International Airport where he was briefly detained by immigration authorities but then released. (*Id.* at 10.) On or about March 28, 2026, he was re-detained by immigration authorities, where he currently remains in immigration detention. (*Id.* at 13.) He challenges his ongoing immigration detention under the Due Process Clause to the Fifth Amendment. (*Id.* at 16.)

As mentioned, petitioner previously filed a habeas petition challenging his current immigration detention. *See* No. 1:26-cv-03812-EJD. In that case, U.S. District Judge Edward J. Davila ordered that petitioner receive a bond hearing before an IJ and that hearing was conducted. (*See id.* Doc. No. 12; Doc. No. 13-1.) Nonetheless, prior to filing the petition in this case, petitioner also filed a motion to enforce judgment in No. 1:26-cv-03812-EJD, seeking his immediate release from detention. (*Id.* Doc. No. 14.)

Here, both petitioner's previous petition and this instant petition arise out of the same transaction or series of events. Although the instant petition adds information not included in the first filed case, that does not provide a basis upon which to find that this action is not duplicative of petitioner's earlier filed action. That is because a petitioner must "bring at one time all of the claims against a party or privies relating to the same transaction or event." *Nguyen v. Warden of Cal. City Det. Facility*, No. 1:26-cv-06538-MWJS, 2026 WL 461049, at *2 (E.D. Cal. Sept. 15, 2026) (citation omitted). It follows then that the court may "dismiss a duplicative complaint with prejudice to prevent a plaintiff from 'fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." *Id.* (citation omitted). That is the case here since petitioner continues to challenge his current immigration detention in his first filed

action via his pending motion to enforce judgment in that case. Accordingly, given that petitioner is challenging his current immigration detention in both this case and the first filed case, respondent's motion to dismiss this habeas action as duplicative will be granted.

Therefore, the court finds as follows:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Respondent's motion to dismiss the habeas petition as duplicative of his ongoing habeas litigation in 1:26-cv-03812-EJD (Doc. No. 10) is GRANTED and petitioner's habeas petition (Doc. No. 1) is DISMISSED;
3. Petitioner's motions for appointment of counsel and for a temporary restraining order (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order dismissing this case; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 29, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE